### RENT OF PROPERTY OCCUPIED BY A RECEIVER NOT A PREFERRED CLAIM.

Circuit Court of Cuyahoga County.

THE McINTOSH HARDWARE CORPORATION v. OTTO I. LEISY, TRUSTEE, ET AL.

Decided, May 24, 1909.

*Receivers—No Preference Among Creditors During Receivership.*

There is no preference in favor of the landlord of premises upon which a receiver is conducting the business for which he is receiver as against creditors of the receiver who have sold materials to him to be used in continuing the business under the court's order.

*Thompson & Hine,* for plaintiff in error.
*Solders, Thayer & Mansfield* and *Walter L. Flory,* contra.

HENRY, J.; MARVIN, J., concurs.

The plaintiff in error is a creditor of the Standard Wire & Iron Company's receiver for materials furnished during the receivership, in pursuance of the order of the court of common pleas that the receiver operate the business and purchase the necessary supplies therefor.

The defendant in error, Leisy, is the owner of the premises which the receiver has occupied. On the winding up, the receivership fund in the receiver's hands is insufficient to pay both the claim of the plaintiff in error and also that of the defendant in error for rent due from the receiver. The court below gave the rent claim priority, upon the theory apparently that the premises upon which to operate the business and keep the property, were a fundamental necessity of the receiver and that the claim for compensation in rent therefor is of superior merit to the claim for the purchase price of materials furnished the receiver.

We know of no such rule of preference. The cases cited by the defendant in error go only to the point that rent of premises whereon to keep the property or operate the business committed by the court to its receiver, is a proper charge against

the fund and takes precedence over the creditors' claim ante-dating the receivership. This is upon the theory that the receiver is entitled to be reimbursed out of the fund for his necessary expenses in conserving the same and in obeying the court's orders in reference to it, but the same is true, also, with regard to materials furnished to the receiver and necessarily procured by him to enable him to obey the court's order to operate the business.

The hazards of such operation ought to make a court extremely cautious, in granting an application to have a purely private business, without public duties, continued in operation by its receiver when financially embarrassed; but where such an order is made upon a clear showing of its necessity for the conservation of the fund, or upon the consent of all parties to the litigation, those who extend credit to the receiver stand upon an equal basis in regard to the priority of the claims.

In case of deficiency of the fund, through no fault of the receiver, their only remedy is to invoke the possible discretion of the court to have the deficiency assessed as costs against the party who applied for the order or orders which resulted in the deficiency.

The distribution of the fund in this case gave precedence to the claim for rent and is therefore erroneous, and the judgment of the court of common pleas is reversed, and the cause remanded.